[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10412
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 29, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00143-CG-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFRED MAURICE BLACKLEY,
a.k.a. Alfred Maurice Blakely,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 29, 2011)

Before TJOFLAT, WILSON and FAY, Circuit Judges.

PER CURIAM:

A Southern District of Alabama jury found Alfred Blakely[1] guilty on all three counts of an indictment: Count One, possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); Count Two, possession with intent to distribute more than 5 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); Count Three, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). The district court sentenced Blakely to concurrent prison terms of 60 months on Counts One and Two and a consecutive term of 60 months on Count Three. Blakely now appeals his convictions and his sentences on Counts One and Two.

Blakely challenges his convictions on the ground that the district court erred in denying his motion to suppress drugs and a gun seized following his arrest. He asserts that officers violated his Fourth Amendment rights when they detained and searched him and a vehicle next to which he had been standing, without reasonable suspicion. He contends that because his arrest was based on drugs found in his pocket during that search, the arrest likewise violated the Fourth Amendment, as did a second search which yielded a gun, because the gun was the

---

[1]The appellant asserted below that his last name is properly spelled "Blakely," and both parties have consistently referred to him by this name.

fruit of an illegal arrest. Second, he argues that the district court erred when it refused to apply the FSA to him. He asserts that Congress intended that the Fair Sentencing Act of 2010 ("FSA") apply to defendants who, like him, committed crack cocaine offenses before the date of its enactment, but are sentenced thereafter.

## I.

We review the denial of a motion to suppress under a mixed standard, reviewing the district court's findings of fact for clear error, and the court's application of the law to those facts *de novo*. *United States v. Virden*, 488 F.3d 1317, 1321 (11th Cir. 2007). When considering a ruling on a motion to suppress, all facts are construed in the light most favorable to the prevailing party below. *Id*. Assignments of error not raised below are reviewed for plain error. *See United States v. Castro*, 455 F.3d 1249, 1251 (11th Cir. 2006). Any arguments not "plainly and prominently" briefed are deemed abandoned on appeal. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

The Fourth Amendment protects individuals from unreasonable searches and seizures by government authorities. *United States v. Garcia*, 890 F.2d 355, 360 (11th Cir. 1989). Subject to limited exceptions, a search conducted without a warrant issued upon probable cause is *per se* unreasonable. *Id.* However, officers

3

may stop and briefly detain a person to investigate a reasonable suspicion of criminal activity, even though probable cause may be lacking. *United States v. Williams*, 876 F.2d 1521, 1523 (11th Cir. 1989).

Reasonable suspicion, like probable cause, is not readily or usefully reduced to a set of legal rules. *United States v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1, 10 (1989). Reasonable suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence and less than probable cause, which requires a fair probability that contraband or evidence of a crime will be found. *Id*. When determining whether reasonable suspicion exists, a court must review the totality of the circumstances to ascertain whether the officer had a particularized and objective basis to suspect legal wrongdoing. *United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744, 750, 151 L.Ed.2d 740, 750 (2002).

When an officer reasonably suspects that criminal activity may be afoot, and that the person with whom the officer is dealing may be armed and presently dangerous, the officer is entitled to conduct a pat-down of such person in order to determine whether he is in fact armed. *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884-85, 20 L.Ed.2d 889, 911 (1968). The officer need not be absolutely certain that an individual is armed; the issue is whether a reasonably prudent person in the circumstances would be warranted in the belief that his safety or that

4

of others is in danger. *United States v. White*, 593 F.3d 1199, 1202-03 (11th Cir. 2010). Reasonable suspicion should be examined from the standpoint of the collective knowledge of all officers involved in a stop. *United States v. Glinton*, 154 F.3d 1245, 1257 (11th Cir. 1998); *United States v. Cotton*, 721 F.2d 350, 352 (11th Cir. 1983).

The central inquiry under the Fourth Amendment is whether the particular governmental invasion of a citizen's security is reasonable under the circumstances. *Terry*, 392 U.S. at 19, 88 S.Ct. at 1878-79. In order to justify a pat-down, an officer must be able to identify specific facts from which he reasonably inferred that the individual was armed and dangerous, and the search must be reasonably limited in scope to protecting the officer by disarming a potentially dangerous individual. *Sibron v. New York*, 392 U.S. 40, 64-65, 88 S.Ct. 1889, 1903-04, 20 L.Ed.2d 917, 935-36 (1968). Where the officer pats down the outer clothing and feels an object the identity of which is immediately apparent, the warrantless seizure of contraband is justified by analogy to the plain view doctrine. *Minnesota v. Dickerson*, 508 U.S. 366, 375-76, 113 S.Ct. 2130, 2137, 124 L.Ed.2d 334, 346 (1993). Objects in plain view of an officer who has a right to be in the position to have that view may be seized without violating the Fourth Amendment. *United*

*States v. Harris*, 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067, 1069 (1968).

Whereas an investigatory detention requires only reasonable suspicion, a seizure must be supported by probable cause. *Virden*, 488 F.3d at 1321. An arrest must likewise be supported by probable cause. *See United States v. Floyd*, 281 F.3d 1346, 1348 (11th Cir. 2002). Probable cause to arrest exists when officers have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime. *Id.* A warrantless search incident to an arrest based on probable cause does not violate the Fourth Amendment. *See id.*

Here, the officers had at least reasonable suspicion that criminal activity was afoot at the moment when one officer, Sgt. Molyneaux, saw what he believed to be crack cocaine and plastic bags on the floor of the driver's side of the vehicle next to which Blakely had been standing. *Cf. Maryland v. Pringle*, 540 U.S. 366, 371-72, 124 S.Ct. 795, 800-01, 157 L.Ed.2d 769, 775-76 (2003) (concluding that the officer had probable cause to arrest all occupants of a vehicle based on drugs and cash found therein). At that moment, Officer McKean was talking to Blakely, and when Molyneaux saw what he believed to be crack cocaine, he signaled McKean to detain Blakely. Given these circumstances, the officers were entitled briefly to

detain Blakely and to conduct a pat-down. *See Terry*, 392 U.S. at 30, 88 S.Ct. at 1884-85. Accordingly, the first pat-down of Blakely—which resulted in the discovery of cocaine—was properly conducted as a *Terry* stop. *See id.* Once drugs were discovered in Blakely's pocket, the officers had probable cause to arrest him. *See Floyd*, 281 F.3d at 1348. The second pat-down of Blakely—which yielded a loaded, stolen gun secreted in a holster inside a second pair of pants Blakely was wearing—was therefore properly conducted as a search incident to arrest. *See id.*

Blakely did not argue before the trial court that the seizure of the drugs found in the vehicle violated his Fourth Amendment rights. Thus, the admissibility of those drugs would generally be reviewed for plain error. *See Castro*, 455 F.3d at 1251. However, Blakely does not assert a single fact in support of this argument in his brief on appeal. Therefore, this argument is deemed abandoned. *See Jernigan*, 341 F.3d at 1283 n.8 (concluding that the appellant abandoned issues by not "plainly and prominently" briefing them). In any event, the drugs in the vehicle were lawfully seized because they were within Molyneaux's plain view. *See Harris*, 390 U.S. at 236, 88 S.Ct. at 993.

## II.

We review *de novo* the legal question of whether the FSA applies to defendants arrested but not sentenced before FSA's enactment. *United States v. Vera Rojas*, No. 10-14662, manuscript op. at 3 (11th Cir. July 6, 2011). The FSA amended several controlled substance offense statutes by raising the drug quantities required to trigger mandatory minimum sentences. *Id.* at 4. Prior to the FSA's enactment, a 5-year mandatory minimum applied to first-time trafficking offenses involving 5 grams or more of crack cocaine. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2009). Under the FSA, the 5-year mandatory minimum applies to first-time trafficking offenses involving 28 grams or more of crack cocaine, while no mandatory minimum applies to those offenses involving less than 28 grams of crack cocaine. *Compare* 21 U.S.C. § 841(b)(1)(B)(iii) (2011), *with* 21 U.S.C. § 841(b)(1)(C) (2011). Thus, the FSA eliminated mandatory minimum sentences for first-time trafficking offenses involving less than 28 grams of crack cocaine. *Compare* 21 U.S.C. § 841(b)(1)(B)(iii) (2009), *with* 21 U.S.C. § 841(b)(1)(B)(iii), (C) (2011). In *Vera Rojas*, we held that the FSA applies to defendants who had not yet been sentenced by the date of the FSA's enactment. *Vera Rojas*, No. 10-14662, manuscript op. at 3.

It is not necessary to remand for re-sentencing where the district court's error, if any, did not affect the sentence. *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006). Where, as here, the district court states that it would have imposed the same sentence, even absent the alleged error, we need only determine whether the district court's alternative reasoning for imposing the sentence was reasonable. *Id.* at 1349-50; *see also United States v. Williams*, 431 F.3d 767, 775 (11th Cir. 2005) (Carnes, J., concurring) (explaining that where a district court states that regardless of how a guidelines issue was resolved, it would still impose the same sentence, we may affirm so long as the district court's alternative reasoning results in a reasonable sentence).

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445, 451-52 (2007). The district court is required to impose a sentence sufficient, but not greater than necessary, to comply with the purposes listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2).

If the district court decides that a sentence outside of the Guidelines sentencing range is warranted, it must consider the extent of the deviation and ensure that the § 3553(a) factors, as a whole, justify the degree of the variance. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008); *see also United States v. Irey*, 612 F.3d 1160, 1186 (11th Cir. 2010) (*en banc*) (explaining that the justification for the variance must be "sufficiently compelling" to support the extent of the deviation), *cert. denied*, 131 S.Ct. 1813 (2011). While a district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each factor, it should set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decision making authority. *United States v. Agbai*, 497 F.3d 1226, 1230 (11th Cir. 2007). A remand is in order on the ground that a sentence is procedurally unreasonable if the district court fails to adequately explain its variance from the Guidelines sentencing range in a way that allows for any meaningful appellate review. *United States v. Livesay*, 525 F.3d 1081, 1093 (11th Cir. 2008).

If we determine that a sentence is procedurally sound, we examine whether the sentence was substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.

The party challenging the sentence has the burden of establishing that it is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). A sentence imposed well below the statutory maximum is one indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). We reverse only if left with the "definite and firm conviction" that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. *Irey*, 612 F.3d at 1190. As discussed above, arguments not "plainly and prominently" briefed are deemed abandoned on appeal. *See Jernigan*, 341 F.3d at 1283 n.8.

In light of our recent decision in *Vera Rojas*, which was decided after Blakely was sentenced, the district court erred when it concluded that the FSA should not be applied to Blakely. *See Vera Rojas*, No. 10-14662, manuscript op. at 3. However, because the district court stated that it would have imposed the same sentence, even absent that error, we need only remand for re-sentencing if the district court's alternative reasoning for imposing the sentence was unreasonable. *See Keene*, 470 F.3d at 1349-50; *Williams*, 431 F.3d at 775 (Carnes, J., concurring). Because Blakely does not address the reasonableness of the district court's alternative reasoning, we deem this issue abandoned on appeal. *See*

11

*Jernigan*, 341 F.3d at 1283 n.8. In any event, for the reasons stated below, the court's alternative reasoning for imposing the sentence is not unreasonable.

If the district court had applied the FSA to Blakely, he would not have been subject to the 60-month mandatory minimum sentence for Count Two, because 28 grams of crack cocaine were not involved. *See* 21 U.S.C. § 841(b)(1)(B) (2011). Accordingly, his Guidelines sentencing range for Counts One and Two would have been 37-46 months. Sentences of 60 months for these counts would therefore be a 14-month upward variance. The district court stated that, if it had applied the FSA to Blakely, it would have imposed such a variance based on "the facts of this case, the firearm involved, the way in which the firearm was secreted and carried, and the defendant's personal history and circumstances."

The record fails to establish that the court's alternative reasons for Blakely's sentences are procedurally or substantively unreasonable. The court explicitly stated that it considered the Guidelines as advisory and "the statutory purposes of sentencing," which was sufficient to demonstrate that it in fact did so. *See Talley*, 431 F.3d at 786. After considering the § 3553(a) factors, the district court concluded that an upward variance was warranted in light of Blakely's use and concealment of a gun and his personal history and circumstances. *See Talley*, 431 F.3d at 786. Although the 60-month's sentences for Counts One and Two were

outside of the Guidelines sentencing range of 37-46 months, the 14-month variance was not drastic, particularly in light of the total sentence of 120 months. Moreover, the 60-month sentences were well below the maximum statutory penalty of 20 years' imprisonment for Counts One and Two.[2] *See* 21 U.S.C. § 841(b)(1)(C); *Gonzalez*, 550 F.3d at 1324 (holding that the sentence was reasonable in part because it was well below the statutory maximum). The court had no discretion with respect to the 60-month's consecutive sentence for Count Three, which was required by statute. *See* 18 U.S.C. § 924(c)(1)(A)(i).

### III.

Although neither Blakely nor the government addresses the fact that there is a typographical error in the judgment of conviction, we may *sua sponte* raise the issue and remand with instructions to correct the error. *See United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006). It is fundamental error for a court to enter a judgment of conviction against a defendant who has not been charged, tried, or found guilty of the crime recited in the judgment. *Id.*

---

[2]After applying the FSA to Blakely, the statutory maximum sentences for both Counts One and Two would be determined under 21 U.S.C. § 841(b)(1)(C), which provides for a 20-year maximum sentence in the case of a controlled substance in schedule I or II. *See* 21 U.S.C. §§ 841(b)(1)(C); 812(c) (listing cocaine as a schedule II controlled substance).

The judgment in this case indicates that the conviction for Count Three was for a violation of 18 U.S.C. § 922(c)(1). However, a review of the indictment and jury instructions indicates that Blakely's conviction under Count Three was actually for a violation of 18 U.S.C. § 924(c)(1). Accordingly, this case is remanded to the district court with instructions to amend the judgment to correct the clerical error with respect to Count Three. *See United States v. James*, No. 10-10399, manuscript op. at 22-23 (11th Cir. June 9, 2011); *Massey*, 443 F.3d at 822.

AFFIRMED IN PART, REMANDED IN PART.