[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 12-10603
Non-Argument Calendar

————————————————

D.C. Docket No. 4:05-cr-10009-KMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GEOFFREY RODRIGUES,

Defendant - Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(September 10, 2012)

Before CARNES, PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Geoffrey Rodrigues appeals the district court's revocation of his supervised release, contending that the evidence was insufficient to establish that he committed grand theft.

I.

Rodrigues pleaded guilty to conspiracy to bring aliens into the United States in violation of 8 U.S.C. § 1324 and 18 U.S.C. § 371. The district court sentenced him to 12 months and 1 day in prison and imposed a 3-year term of supervised release. One of the conditions of Rodrigues' supervised release prohibited him from committing another federal, state, or local crime.

While Rodrigues was on supervised release, the probation office determined that he had violated that condition, and the probation office filed a superseding petition for the revocation of his supervised release. The petition alleged that Rodrigues had violated the terms of his supervised release by committing five Florida crimes: (1) grand theft, (2) conspiracy to traffic in cannabis, (3) cannabis trafficking, (4) theft of utility services, and (5) possession of drug paraphernalia. The district court issued a warrant and held a revocation hearing. At the revocation hearing, the parties and the district court agreed that the government was pursuing revocation based only on the grand theft allegation because, by the time Rodrigues had committed the other four crimes, his supervised release had

2

expired.  The district court found that Rodrigues had violated the terms of his supervised release by committing grand theft, and it revoked his supervised release.  The court sentenced Rodrigues to 5 months in prison and 31 months of supervised release.  This is Rodrigues' appeal.

## II.

A district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of that release.  18 U.S.C. § 3583(e)(3).  The preponderance of the evidence standard is met if it is "more likely than not" that the defendant violated a condition of his supervised release.  See United States v. Cataldo, 171 F.3d 1316, 1322 (11th Cir. 1999).  We review only for an abuse of discretion a district court's revocation of supervised release.  United States v. Cunningham, 607 F.3d 1264, 1266 (11th Cir. 2010).  That standard of review "recognizes the range of possible conclusions the trial judge may reach."  United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).  For that reason, we will affirm a district court's revocation of a defendant's supervised release "unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard."  Id.

## A.

In Florida, one way to commit grand theft is by knowingly obtaining

3

another person's property, valued between $20,000 and $100,000, with intent to deprive that person of a right to the property. See Fla. Stat. Ann. § 812.014(1), (2)(b)(1). At the revocation hearing, Raja Abhulson testified that he leased a building to Rodrigues that was outfitted with restaurant equipment worth at least $100,000. The lease provided that no one could remove equipment from the building without Abhulson's consent. Abhulson testified that (1) he owned the equipment; (2) the county required the owner of the equipment to pay a tangible property tax on it; and (3) while Rodrigues was leasing the building, Abhulson paid that tax. Abhulson also testified that he evicted Rodrigues from the building and, soon after the eviction, someone removed all of the restaurant equipment from the building. Police officers took Abhulson to Rodrigues' home, and Abhulson told the officers that some of his restaurant equipment was sitting in Rodrigues' yard. Also, a police officer testified that he executed a search warrant for Rodrigues' home and found some of Abhulson's restaurant equipment. The district court found Abhulson's and the police officer's testimony credible, and we "give particular deference to credibility determinations of a fact-finder who had the opportunity to see live testimony," United States v. Lebowitz, 676 F.3d 1000, 1009 (11th Cir. 2012) (quotation marks omitted). The district court did not abuse its discretion in finding that Rodrigues violated the terms of his supervised release.

4

B.

There is another issue that we must address.  The district court's written order states, "Upon motion by the Government, violations numbered 2, 3, and 4, were dismissed.  The hearing proceeded as to violation 1."  The written order does not address the fifth alleged violation—possession of drug paraphernalia.  The transcript of the revocation hearing, however, clearly indicates that the court dismissed the fifth alleged violation and that the omission of that dismissal from the written order is a clerical error.  So, although we affirm the court's judgment in all other respects, we remand the case to the district court for the limited purpose of correcting the written judgment to reflect the court's oral dismissal of the fifth alleged violation.  See United States v. James, 642 F.3d 1333, 1343 (11th Cir. 2011).

**AFFRIMED IN PART AND REMANDED IN PART.**