[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11571
Non-Argument Calendar

_____

D.C. Docket No. 3:10-cr-00196-TJC-TEM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD LESTER GREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 16, 2012)

Before PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Richard Green appeals his sentence of 120 months of imprisonment following his pleas of guilty to bank fraud, 18 U.S.C. §§ 1344, 2, and aggravated identity theft, id. § 1028A.  Green argues that his sentence is unreasonable.  We affirm Green's sentence, and we vacate and remand for correction of a typographical error in the written judgment.

Green's sentence is procedurally reasonable.  The district court correctly calculated the advisory guideline range and explained that it decided to vary 50 months above the high end of Green's advisory guideline range of 37 to 46 months in sentencing him for bank fraud because that range underrepresented his criminal history.  Green argues that the district court relied on factors unrelated to his assistance to law enforcement in deciding to grant him a two-point departure for substantial assistance instead of the six-point departure that he requested, but the district court based its decision on the "significance and usefulness of [Green's] assistance . . . [in the light of] the government's evaluation of the assistance rendered."  See United States Sentencing Guidelines Manual § 5K1.1(a)(1) (Nov. 2011).  Although Green aided in the prosecution of his codefendants, the district court explained that it was not "impress[ed] . . . that Mr. Green was willing" to implicate his "less culpable" codefendants when "the government [argued it had sufficient evidence to] prosecute[] th[o]se other individuals . . . anyway."

2

Green's sentence is also substantively reasonable.  Within one month of his release from state prison, where he served more than three years for grand theft and a felony offense of passing worthless checks, Green committed serious financial crimes that inflicted a loss of $30,000 to $70,000 to between 50 and 250 victims.  Green and his codefendants stole checks from two United States Postal Service collection boxes, altered the names of the payees on the checks, falsely endorsed the checks for deposit into accounts they controlled or gained access to using stolen identification information, and withdrew the proceeds of those checks.  And Green's conduct evidenced his apparent resolve to live a life of crime.  Green had an extensive criminal history that included six delinquencies, 62 adult convictions, and 121 other charges, and his sentences for those crimes, which ranged from 60 days to 4 years, had failed to have any deterrent effect.  In these circumstances, the district court reasonably determined that a term of 96 months for bank fraud to run consecutively to a term of 24 months for aggravated theft would best address the statutory purposes of sentencing.  See 18 U.S.C. § 3553(a).  Although Green argues about a disparity between his sentence and lesser sentences imposed on his codefendants, Green was not similarly situated to those codefendants.  See United States v. Spoerke, 568 F.3d 1236, 1252 (11th Cir. 2009).  As explained by the district court, Green's codefendants had "no criminal record" or "a very minor criminal record," "would [not] have [committed the crimes] on their own," and had

3

"roles . . . subservient to Mr. Green."  The district court did not abuse its discretion in sentencing Green to 120 months of imprisonment.

We notice a clerical error in the written judgment.  The written judgment states incorrectly that Green pleaded guilty to conspiracy to commit bank fraud. 18 U.S.C. § 1349.  Because "it is fundamental error for a court to enter a judgment of conviction against a defendant who has not been charged, tried, or found guilty of the crime recited in the judgment," United States v. James, 642 F.3d 1333, 1343 (11th Cir. 2011) (internal quotation marks omitted), we vacate the written judgment and remand for the district court to enter a new judgment stating that Green pleaded guilty to bank fraud.  18 U.S.C. §§ 1344, 2.

We **AFFIRM** Green's sentence, and we **VACATE** and **REMAND** for correction of the written judgment.

4