[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14814
Non-Argument Calendar

_____

D.C. Docket No. 8:11-cr-00501-SCB-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN ANTHONY GIANOLI, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 16, 2013)

Before CARNES, Chief Judge, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

John Anthony Gianoli, III, appeals his conviction for acting outside the course of professional practice as a physician by distributing Oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(E)(i), arguing that the jury was improperly instructed. He also challenges his 60 month sentence, arguing that the sentencing enhancement for abuse of a position of trust was double-counted and that the district court wrongly admitted non-victim witness testimony at the sentencing hearing.

## I.

We generally "review jury instructions de novo to determine whether they misstate the law or mislead the jury to the prejudice of the objecting party." United States v. James, 642 F.3d 1333, 1337 (11th Cir. 2011). But because Gianoli did not object to them in the district court, we review only for plain error. See id.

The court instructed the jury that to convict it must find that Gianoli "either acted outside the usual course of professional practice or acted without legitimate medical purpose." Because Gianoli's indictment charged that he "did knowingly and intentionally act outside the course of professional practice" by distributing Oxycodone, he argues that it was error to instruct the jury that it could convict him for acting without a legitimate medical purpose.

2

Gianoli's argument is unpersuasive.[1]  There was no evidence or argument presented at trial that would lead the jury to conclude that Gianoli prescribed Oxycodone knowing it was for no legitimate medical purpose but still acted within the usual course of the medical profession.  Those two things are inconsistent with each other.  And the court's instructions were consistent with the law.  See United States v. Tobin, 676 F.3d 1264, 1282 (11th Cir. 2012) ("[A] distribution is unlawful if "1) the prescription was not for a 'legitimate medical purpose' or 2) the prescription was not made in the 'usual course of professional practice.'").  The court did not err—plainly or otherwise—in giving that instruction.

Gianoli also argues that the district court erred by using a general verdict form, making it impossible to know under which theory he was convicted. Gianoli proposed that a general verdict form be given to the jury, and the district court followed that request.  Any error the district court may have made in giving the jury a general verdict form was therefore invited and cannot be challenged on appeal.  See James, 642 F.3d at 1337.

## II.

Gianoli next argues that he was doubly penalized for his position as a physician because the court applied the two-level enhancement for abuse of a

---

[1] It is notable that Gianoli himself introduced the "legitimate medical purpose" language, requesting that the jury be told that to convict, it must find that he dispensed Oxycodone "other than for a legitimate medical purpose and not in the usual course of medical practice."

3

position of public trust or use of a special skill, provided for in U.S.S.G. § 3B1.3, even though his conviction was based on his conduct as a physician. "We review de novo a district court's conclusion that the defendant's conduct justifies the abuse of trust enhancement." United States v. Ghertler, 605 F.3d 1256, 1264 (11th Cir. 2010).

Gianoli is correct that the U.S.S.G. § 3B1.3 enhancement cannot be applied if abuse of trust or skill is included in the base offense level or specific offense characteristic. U.S.S.G. § 3B1.3; see also United States v. Garrison, 133 F.3d 831, 842–843 (11th Cir. 1998). But his contention that his conviction already incorporates his abuse of his position as a doctor is incorrect. The Controlled Substances Act states that, except as authorized, it is unlawful for a person to knowingly or intentionally distribute or dispense a controlled substance. 21 U.S.C. § 841(a)(1). That statute applies to anyone who distributes a controlled substance, not just physicians. Physician defendants are not subject to an increased base offense level based on their profession and special skills. See U.S.S.G. § 2D1.1(a), (b). And the application notes state that professionals, including doctors, who used special skills in the commission of the offense may be subject to an enhancement under U.S.S.G. § 3B1.3. U.S.S.G. § 2D1.1, cmt. n.8 (Nov. 1, 2011). Accordingly, it was not plain error to apply the § 3B1.3 enhancement, and we affirm Gianoli's sentence.

4

III.

Finally, Gianoli argues for the first time on appeal that the district court should not have permitted any witnesses to testify at sentencing about his prescribing drugs to their relatives and neighbors because they were not direct victims of the misconduct for which Gianoli was convicted.  Because he did not make that argument in the district court, we review only for plain error.  United States v. Garey, 546 F.3d 1359, 1363 (11th Cir. 2008).  Gianoli bases his argument on the Crime Victims' Rights Act, which requires that certain persons classified as crime victims be given notice of and the opportunity to be heard at certain hearings, including sentencing hearings.  18 U.S.C. § 3771(a), (b).  But that act does not limit the information concerning the background, character, and conduct of a person convicted of an offense that a court may hear at sentencing.  18 U.S.C § 3661.  The sentencing judge may conduct a broad inquiry, "largely unlimited" either as to the kind of information he may consider, or the source from which it may come.  United States v. Tucker, 404 U.S. 443, 446, 92 S.Ct. 589, 591 (1972).  Accordingly, the district court did not err—much less plainly err—by permitting the non-victim witnesses to testify.

**AFFIRMED.**

5