[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15026
Non-Argument Calendar

_____

D.C. Docket No. 6:13-cr-00020-ACC-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LANDER C. MCLOYD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 2, 2014)

Before PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Lander C. McLoyd appeals his conviction for possession with intent to

distribute cocaine base and marijuana, possession of a firearm in furtherance of a

drug-trafficking crime, and possession of a firearm by a convicted felon.  We

dismiss in part and remand in part.

## I. BACKGROUND

In June 2012, the Melbourne, Florida, police received an anonymous

complaint about drug activity at McLoyd's home.  After surveillance of his home

was futile, a confidential informant ("CI") was used to make two purchases of

crack cocaine.  The controlled buys were conducted in September 2012.  On

October 12, 2012, a search warrant was executed on McLoyd's residence.

Authorities found drugs, firearms, and items related to drug distribution in almost

every room.  McLoyd was the only person present in the residence at the time the

warrant was executed; investigation revealed he was the only person who lived

there.

In January 2013, a federal grand jury indicted McLoyd for possession with

intent to distribute cocaine base and marijuana, in violation of 21 U.S.C.

§ 841(a)(1), (b)(1)(B), and (b)(1)(D) (Count 1); possession of a firearm in

furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)

and (c)(2) (Count 2); and possession of a firearm by a convicted felon, in violation

of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 3).  Before trial, McLoyd moved

to disclose the identity of the CI involved in his case.  He also moved to suppress

the drugs, guns, and statement obtained during the search of his residence.

2

A magistrate judge denied McLoyd's motion to disclose the CI's identity. The record does not show that McLoyd asked the district judge to review the magistrate judge's disposition of this motion. The district judge subsequently denied McLoyd's motion to suppress.

Following a jury trial, McLoyd was convicted on all counts. His conviction judgment mistakenly states the crimes in Count 1 occurred on October 12, 2013, instead of October 12, **2012**. The district judge sentenced McLoyd to concurrent terms of 60 months of imprisonment on Counts 1 and 3, and 60 consecutive months of imprisonment on Count 2, followed by a total of 4 years of supervised release.

On appeal, McLoyd argues the denial of his motion to disclose the CI's identity violated his rights to compulsory process, confrontation, and cross-examination. He raises several arguments in support of this claim and contends our review is de novo. Because of a typographical error on his conviction judgment regarding the date the crimes in Count 1 occurred, McLoyd argues the date should be changed from October 12, 2013, to October 12, **2012**.

3

## II. DISCUSSION

A. <u>Jurisdiction</u>

We examine our jurisdiction sua sponte, and we review jurisdictional issues de novo. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). We lack jurisdiction to review a magistrate judge's order, where a defendant first does not seek review of the order before the district judge. *United States v. Schultz*, 565 F.3d 1353, 1359-62 (11th Cir. 2009) (dismissing for lack of jurisdiction a challenge to the magistrate judge's denial of a defendant's motion for self-representation, because the defendant did not appeal the magistrate judge's order to the district judge); *see* Fed. R. Crim. P. 59(a) (providing a defendant must serve and file objections to a magistrate judge's ruling on a non-dispositive matter within 14 days, or he waives any right to review); *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980) (dismissing for lack of jurisdiction the defendant's challenge to the magistrate judge's denial of a discovery motion, which the defendant did not appeal to the district judge until after his trial).

Because the record contains no indication McLoyd asked the district judge to review the magistrate judge's denial of his motion to disclose the CI's identity, we lack jurisdiction to review the merits of the magistrate judge's order. *See* Fed. R. Crim. P. 59(a); *Schultz*, 565 F.3d at 1359-62. The parties' failure to address this issue is irrelevant, because we are obligated to review our jurisdiction sua sponte.

*See Lopez*, 562 F.3d at 1311.  Therefore, we dismiss this portion of McLoyd's appeal for lack of jurisdiction.  *See Schultz*, 565 F.3d at 1359-62.

B. Scrivener's Error in Conviction Judgment

We may remand with instructions to correct a typographical error in the conviction judgment.  *See United States v. James*, 642 F.3d 1333, 1343 (11th Cir. 2011) (remanding to correct clerical error in judgment regarding statute of conviction); *United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006) (same).

McLoyd's indictment states the crimes in Count 1, for which he was tried and convicted, occurred on October 12, 2012.  Trial testimony also substantiated those crimes arose out of the search warrant executed at McLoyd's  home on October 12, 2012.   Moreover, he was indicted for these crimes in January 2013.  McLoyd's conviction judgment states the crimes in Count 1 occurred on October 12, 2013, which the government concedes is incorrect.  Therefore, we remand for the limited purpose of amending the conviction judgment to state the crimes in Count 1 occurred on October 12, **2012**.  *See James*, 642 F.3d at 1343; *Massey*, 443 F.3d at 822.

**DISMISSED IN PART, REMANDED IN PART.**

5