[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10750
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00015-WLS-TQL-9


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND ANTHONY BROWN,
a.k.a. "Raymond C",

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(June 29, 2015)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Raymond Brown challenges his conviction by guilty plea for one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) and (iii), and 846.  Brown argues for the first time on appeal that, at his change-of-plea hearing, the district court committed plain error by failing to advise him of the lower mandatory-minimum sentence applicable to a conspiracy to possess marijuana, which was alternatively charged in the indictment.  He maintains that the court's failure to so advise him created "confusion in [his] mind," and rendered him unable to make a knowing and intelligent decision whether or not to plead guilty.  He also asserts that, but for the error, he would not have entered the plea.  The Government, on the other hand, contends that pursuant to his plea agreement, Brown pled guilty to a conspiracy to possess with intent to distribute cocaine and cocaine base and that the court adequately informed him of the mandatory-minimum penalty for that offense.

When a defendant fails to object to an alleged Rule 11 error in the district court, we apply the plain error standard of review.  United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005).  To prevail under this standard, the defendant must show (1) that there was an error, (2) that it was plain, and (3) that it affected his substantial rights.  Id. at 1019.  Even if all three requirements are met, we may exercise our discretion to recognize a forfeited error only if the error

2

seriously affected the fairness, integrity, or public reputation of the judicial proceedings.  Id.

Before accepting a guilty plea, the district court must inform the defendant of, and ensure that he understands, "the nature of each charge to which he is pleading," "any maximum possible penalty," and "any mandatory minimum penalty."  Fed.R.Crim.P. 11(b)(1)(G)-(I).  In addition, generally, the plea colloquy must satisfy the "core principles" of Rule 11, by ensuring that (1) the guilty plea is free from coercion, (2) the defendant understands the nature of the charges, and (3) the defendant understands the consequences of his plea.  Moriarty, 429 F.3d at 1019 (quotation omitted).

"[I]t is fundamental error for a court to enter a judgment of conviction against a defendant who has not been charged, tried, or found guilty of the crime recited in the judgment."  United States v. James, 642 F.3d 1333, 1343 (11th Cir. 2011) (quotation omitted).  We may, sua sponte, raise the issue of a clerical error in the judgment and remand with instructions that the district court correct it.  United States v. Reeves, 742 F.3d 487, 507 n.12 (11th Cir. 2014).

Here, the Government is correct that Brown pled guilty to a conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) and (iii), and 846.  While the indictment, in a single count, charged Brown with a conspiracy (1) to possess "cocaine in excess of

3

five (5) kilograms and cocaine base in excess of 280 grams with the intent to distribute the same" and (2) to possess "marijuana in excess of 100 kilograms," Brown's plea agreement provided that he would plead guilty to a "conspiracy to possess with intent to distribute cocaine in excess of 5 kilograms [], and cocaine base in excess of 280 grams." In the same sentence, the plea agreement referred to the statutory penalty provisions for violations involving cocaine and cocaine base, only. See 21 U.S.C. § 841(b)(1)(A)(ii) and (iii). The plea agreement also contained a drug-quantity stipulation that satisfied § 841(b)(1)(A)(iii), namely, that Brown was accountable for at least 280 grams but no more than 640 grams of cocaine base. The agreement did not stipulate an amount of marijuana.

In line with the agreement, the Government announced at the change-of-plea hearing, over no objection by Brown or his counsel, that Brown was pleading guilty to a conspiracy to possess with intent to distribute cocaine and cocaine base, and it referenced the statutory penalty provisions for offenses involving those substances, only. After the court read the charge in the indictment, it specifically advised Brown that his plea would subject him a ten-year mandatory minimum prison sentence, and Brown indicated that he understood. See 21 U.S.C. § 841(b)(1)(A)(ii) and (iii). And at sentencing, Brown requested the mandatory-minimum ten-year sentence. Thus, the record reflects that the court ensured that Brown was aware of and understood the minimum statutory penalty

for the charge to which he was pleading guilty.  See Fed.R.Crim.P. 11(b)(1)(I); *Moriarty*, 429 F.3d at 1019.  Brown has shown no error, let alone plain error, and his conviction is therefore affirmed.

However, because the written judgment incorrectly states that Brown was convicted of a conspiracy to possess with intent to distribute marijuana, as well as cocaine and cocaine base, and because it includes a citation to 21 U.S.C. § 841(b)(1)(B)(vii), the penalty provision for possession with intent to distribute 100 kilograms or more of marijuana, we remand the case to the district court for the limited purpose of correcting the judgment.

AFFIRMED IN PART, REMANDED IN PART.

5