[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10370
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cr-00178-JDW-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOVA A. MONTGOMERY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 5, 2015)

Before MARCUS, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Nova Montgomery appeals her convictions for five counts of tax evasion, in violation of 26 U.S.C. § 7201, and five counts of failing to file a tax return, in violation of 26 U.S.C. § 7203. On appeal, Montgomery argues that: (1) the district court abused its discretion in excluding her testimony about certain proposed defense exhibits and in excluding the admission of several of those exhibits; and (2) the district court erred in its instruction to the jury on reasonable doubt. After careful review, we affirm.

We review a district court's decision to admit or exclude evidence for abuse of discretion. United States v. Reeves, 742 F.3d 487, 501 (11th Cir. 2014). We apply the harmless error standard to erroneous evidentiary rulings. United States v. Henderson, 409 F.3d 1293, 1300 (11th Cir. 2005). An error is harmless unless it had a substantial influence on the case's outcome or leaves a grave doubt as to whether the error affected the outcome. Id. We review jury instructions properly challenged below de novo to determine whether the given instructions misstated the law or misled the jury to the prejudice of the objecting party. United States v. Felts, 579 F.3d 1341, 1342 (11th Cir. 2009). We will reverse because of an erroneous instruction only if we are "left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." Id. at 1342-43 (quotation omitted).

2

First, we are unpersuaded by Montgomery's claim that the district court abused its discretion in excluding certain testimony and exhibits.  In Cheek v. United States, the defendant was charged with tax evasion and failing to file a tax return.  498 U.S. 192, 194 (1991).  The Supreme Court held that "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury."  Id. at 206.  However, if someone simply fails to understand that he has a duty to pay income taxes under the Internal Revenue Code, he cannot be guilty of "willfully" evading those taxes.  Id. at 201-02.  Thus, the Supreme Court held that Cheek was entitled to have the jury instructed about his asserted beliefs that wages were not income and that he was not a taxpayer within the meaning of the Internal Revenue Code.  Id. at 206-07.

When a defendant testifies at trial, any of the defendant's statements that are disbelieved by the jury may be considered as substantive evidence of the defendant's guilt, and the jury may therefore conclude that the opposite of the defendant's testimony is true.  United States v. Brown, 53 F.3d 312, 314 (11th Cir. 1995).  "This rule applies with special force" where the elements to be proven are highly subjective, such as intent or knowledge.  Id. at 315.

Here, Montgomery claims that the district court abused its discretion by excluding from evidence the substance of cases, government publications, and other materials that allegedly supported Montgomery's good-faith belief that she

3

had no duty to pay income taxes or file returns.  Yet, even if the district court erred by excluding this evidence, that error would have been harmless.  As the record reveals, the district court permitted Montgomery to testify, in great detail, about her beliefs on income taxes, based on specific cases that she had read.  This testimony spanned over 100 pages, and she was often allowed to go through the cases by name, one-by-one.  The court also admitted a seven-page statement of her beliefs into evidence.  Moreover, Montgomery chose to testify at trial, so any statements that the jury disbelieved could be considered as substantive evidence of her guilt, especially when the element to be proven was willfulness.  See Brown, 53 F.3d at 314-15.  In short, because the jury did not believe Montgomery's testimony, the admission of the exhibits at issue and of her testimony about the substance of several of those exhibits would not have had a substantial influence on the case's outcome.  Accordingly, the error, if any, was harmless.

We also find no merit to Montgomery's claim that the district court erred when it instructed the jury on reasonable doubt by equating reasonable doubt to proof that jurors would rely on in the most important of their own affairs.  We've upheld jury instructions defining reasonable doubt, in which the instruction equated the proof to that which a juror would be willing to rely or act upon without hesitation in the most important of their affairs.  See United States v. Hansen, 262 F.3d 1217, 1249 (11th Cir. 2001).  Further, we have "repeatedly approved of the

definition of reasonable doubt provided in the Eleventh Circuit Pattern Jury Instructions." United States v. James, 642 F.3d 1333, 1337 (11th Cir. 2011).

In this case, the district court did not misstate the law or mislead the jury to the prejudice of Montgomery by giving the Eleventh Circuit Pattern Jury Instruction, in which proof beyond a reasonable doubt was equated to that which a juror would be willing to rely and act upon without hesitation in their important affairs. That definition of reasonable doubt is supported by our precedent. See Hansen, 262 F.3d at 1249. We are bound by our prior precedent until it is overruled by the Supreme Court or our Court sitting en banc. United States v. Lawson, 686 F.3d 1317, 1319 (11th Cir. 2012). Accordingly, the district court did not err by instructing the jury in this way.

**AFFIRMED**.