**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Latavis Deyonta MACKROY, a.k.a. Tay, Linell Devon Lowe, a.k.a Bookies, a.k.a. Bokiss, Defendants–Appellants.**

No. 14–13397
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 11, 2016.

Peter J. Sholl, Arthur Lee Bentley, III, U.S. Attorney's Office, Tampa, FL, Ilianys Rivera Miranda, U.S. Attorney's Office, Orlando, FL, for Plaintiff–Appellee.

Michael William Nielsen, Nielsen Law Firm, Winter Springs, FL, Ryan Thomas Truskoski, Ryan Thomas Truskoski, PA, Orlando, FL, for Defendants–Appellants.

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Latavis Mackroy and Linell Lowe appeal their convictions for conspiring to disrupt interstate commerce by robbery, in violation of 18 U.S.C. § 1951, and aiding and abetting the use of a firearm in a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. Both Mackroy and Lowe contend that the district court erred in denying their Batson[1] challenge to the Government's use of preemptory strikes and that the district court failed to properly instruct the jury regarding the mens rea element for aiding and abetting the use of a firearm in a crime of violence. In addition, Lowe contends the district court clearly erred when it denied his motion for judgment of acquittal because the government failed to establish interference with interstate commerce element. After review,[2] we affirm.

The district court did not err in accepting the government's explanation for striking Jurors 10 and 28, both black females. The Government gave race-neutral bases for each of the two strikes. The district court agreed with the Government's assessment of Juror 10's attitude and found the Government's explanation of its basis for striking Juror 28 to be both race-neutral and sincere. See Purkett v. Elem, 514 U.S. 765, 769, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995) (clarifying that a peremptory strike satisfies the three-step Batson test if the trial court finds that the proffered reason for the potentially discriminatory strike is both race-neutral (step two) and genuine (step three)). Mackroy and Lowe have failed to provide a basis upon which to disagree with the district court's determination, to which we must defer. See Snyder v. Louisiana, 552 U.S. 472, 477, 128 S.Ct. 1203, 170 L.Ed.2d 175 (2008) ("[A] trial court's ruling on the issue of discriminatory intent must be sustained unless it is clearly erroneous.").

■ We decline to address the propriety of the challenged jury instruction. Upon conferring with the Government and agreeing to the Government's proposing the now-challenged instruction, Mackroy and Lowe invited any error. See United States v. Carter, 776 F.3d 1309, 1323 (11th Cir.2015) (quotation omitted) ("[W]here a defendant agrees to the court's proposed instructions, the doctrine of invited error applies, meaning that review is waived even if plain error would result."); United States v. James, 642 F.3d 1333, 1337 (11th Cir.2011) (holding that invited error doctrine applies to a jury instruction submitted to the district court by the party challenging the instruction).

---

1. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

2. Where a party alleges a Batson violation, we review jury selection de novo, but review the district court's underlying factual findings for clear error. United States v. Campa, 529 F.3d 980, 992 (11th Cir.2008).

We review de novo the legal correctness of a jury instruction, but defer to the district court on questions of phrasing, absent an abuse of discretion. United States v. Prather, 205 F.3d 1265, 1270 (11th Cir.2000). If an objection is not preserved, plain error review applies. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.2005).

"We review de novo the denial of a motion for judgment of acquittal, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the jury's verdict." United States v. Martin, 803 F.3d 581, 587 (11th Cir.2015).

■ We also disagree with Lowe's objection to the sufficiency of the evidence regarding interference with interstate commerce. The Government presented evidence that Lowe stole goods the victim was offering for sale, stole currency belonging to the victim, a multinational company, and caused the victim to temporarily close the affected store. There is at minimum a realistic probability that Lowe's conduct affected interstate commerce. *United States v. Kaplan*, 171 F.3d 1351, 1354 (11th Cir.1999) ("[T]he government need only show a realistic probability of an effect, or some actual *de minimis* effect, on commerce to bring the extortion within the reach of the Hobbs Act.").

**AFFIRMED.**