[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10085
Non-Argument Calendar
_____

D.C. Docket No. 1:04-cr-20159-FAM-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO ACUNA,
a.k.a. Chino,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 10, 2018)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Julio Acuna appeals the district court's denial of his motion for clarification of his offense of conviction, which is construed as a motion to correct a clerical error under Federal Rule of Criminal Procedure 36.  On appeal, he argues that the district court erred in refusing to correct a discrepancy between the judgment, which indicated that he had been convicted under 18 U.S.C. § 1962(d), and notations on the district court docket sheet, which indicated that his § 1962(d) charge had been dismissed and he had been convicted under 18 U.S.C. § 1963 instead.

We review the district court's application of Rule 36 *de novo*.  *United States v. Davis*, 841 F.3d 1253, 1261 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 2318 (2017).

Rule 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  This rule applies only to clerical mistakes, and cannot be used to make substantive changes to a criminal sentence.  *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (concluding that the district court properly applied Rule 36 to correct a clerical error in the judgment so that the judgment corresponded with the oral pronouncement of the sentence).  When there is a clerical error in the judgment, we

may remand with instructions to correct the error.  *United States v. James*, 642 F.3d 1333, 1343 (11th Cir. 2011).

Section 1962, titled "Prohibited Activities," describes racketeering conduct that is unlawful.  *See* 18 U.S.C. § 1962.  Section 1962(d) specifically prohibits conspiring to violate any of the provisions contained in the preceding subsections. 18 U.S.C. § 1962(d).  Section 1963, called "Criminal Penalties," establishes the penalties for violating § 1962, including imprisonment and forfeiture.  18 U.S.C. §1963.  The section provides that an individual who violates § 1962 shall be imprisoned for life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment.  18 U.S.C. § 1963(a).

Here, it is clear that Acuna was convicted under § 1962(d), and his judgment properly reflects that.  The notations on the district court docket sheet indicating that the § 1962(d) charge was dismissed and that Acuna was convicted under § 1963, therefore, are erroneous.  Though such error is the kind of clerical mistake subject to correction under Rule 36, the error is harmless and has not resulted in any prejudice to Acuna, and the discretionary language of the Rule directs that the district court is under no obligation to correct it.

**AFFIRMED.**

3