[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14215
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00427-TWT-CCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES HORTON,
a.k.a. Charlie Horton,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 11, 2013)

Before HULL, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Horton appeals his convictions and his total 205-month sentence for

(1) causing false statements and representations to a federal firearms licensee, in

violation of 18 U.S.C. §§ 924(a)(1)(A) and 2; (2) conspiracy to make false statements and representations to a federal firearms licensee, in violation of 18 U.S.C. § 371; (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and (4) interstate transportation of firearms, in violation of 18 U.S.C. § 922(a)(3).  Horton presents five arguments on appeal.  First, he argues that the evidence at trial was insufficient to support his convictions for firearm possession.  Second, he contends that the district court erred in admitting extrinsic evidence of similar uncharged conduct.  Third, he maintains that the court also erred in not granting a mistrial based on the admission of a codefendant's incriminating statement.  Fourth, he challenges the court's application of a four-level sentencing enhancement, under U.S.S.G. § 3B1.1, for organizing or leading a criminal activity involving five or more participants.  Finally, he argues that his 205-month total sentence was both procedurally and substantively unreasonable.  After careful review, we affirm Horton's convictions and sentence.

## I.    Sufficiency of the Evidence

We review *de novo* the defendant's challenge to the sufficiency of the evidence to support his convictions.  *United States v. Verbitskaya*, 406 F.3d 1324, 1334-35 (11th Cir. 2005).  In reviewing an insufficiency of the evidence claim, we examine the evidence presented in the light most favorable to the verdict and affirm if a reasonable trier of fact could have found the essential elements beyond a

2

reasonable doubt. *Id.* at 1335. The evidence does not need to exclude every reasonable hypothesis of innocence, as jurors are free to choose among reasonable constructions of the evidence. *United States v. Mattos*, 74 F.3d 1197, 1199 (11th Cir. 1996). If a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt, the evidence is sufficient to support a conviction even if the evidence might also support the defendant's theory of innocence. *United States v. Tinoco*, 304 F.3d 1088, 1122 (11th Cir. 2002). Credibility questions are for the jury, and we assume that the jury answered them all in a manner that supports its verdict. *United States v. Jiminez*, 564 F.3d 1280, 1285 (11th Cir. 2009).

Under 18 U.S.C. § 922(g)(1), it is unlawful for a felon to possess a firearm, and the government must prove "three distinct elements" to sustain a conviction: (1) that the defendant was a convicted felon; (2) that the defendant knew he was in possession of a firearm; and (3) that the firearm affected or traveled in interstate commerce. *United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004). The element of possession, in the context of § 922(g)(1), requires that the defendant knowingly possessed the firearm, and it may be proven either by showing that the defendant actually possessed the firearm or that he constructively possessed the firearm. *United States v. Pedro*, 999 F.2d 497, 500 (11th Cir. 1993). "To prove actual possession[,] the evidence must show that the defendant either had physical

3

possession of or personal dominion over the thing allegedly possessed." *United States v. Leonard*, 138 F.3d 906, 909 (11th Cir. 1998).  Possession can be shown by either direct or circumstantial evidence.  *Wright*, 392 F.3d at 1273.  The interstate commerce element is satisfied as long as the firearm in question had a "minimal nexus" to interstate commerce.  *United States v. McAllister*, 77 F.3d 387, 389-90 (11th Cir. 1996).  The "minimal nexus" standard is satisfied where the government demonstrates that the firearm "had traveled in interstate commerce." *Id.* at 390.

The evidence at trial was sufficient to support Horton's convictions for firearm possession by a convicted felon.  As an initial matter, the parties stipulated before trial that Horton was a convicted felon.  Next, the evidence at trial enabled a reasonable trier of fact to conclude that Horton had possessed the firearms at issue.  Horton's codefendants testified that they purchased the firearms at Horton's direction and that they turned the guns over to him afterwards.[1]  The testimony of the store employees, along with surveillance video, confirmed that Horton was present at the time the firearm purchases were made.  The evidence also showed that the gun purchases coincided temporally with Horton's trips to and from Buffalo, and the firearms at issue were ultimately recovered in Buffalo.  The

---

[1]    Horton argues that, because the primary evidence came from witnesses who were granted immunity and who admitted to engaging in prior criminal conduct, Horton's convictions were based on biased and unreliable testimony.  Horton was able to attack the witnesses' credibility at trial, and the jury was entitled to judge the credibility of the witnesses.  *See Jiminez*, 564 F.3d at 1285.

totality of the evidence thus permitted the jury to reasonably conclude that Horton possessed the firearms at issue. *See Leonard*, 138 F.3d at 909. Finally, as the guns were manufactured in Ohio and then sold in Georgia, they had the requisite "minimal nexus" to interstate commerce. *See McAllister*, 77 F.3d at 390. Accordingly, the evidence was sufficient to support Horton's convictions.

## II.    Prior Crimes or Bad Acts

We review the district court's admission of prior crimes or bad acts under Rule 404(b) for abuse of discretion. *United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008). However, even if we find that a district court abused its discretion in admitting evidence pursuant to Rule 404(b), the conviction may still be upheld if the error was harmless. *United States v. Hubert*, 138 F.3d 912, 914 (11th Cir. 1998).

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Thus, "[e]vidence of extrinsic offenses is inadmissible to prove that the accused has the propensity to commit the crime charged." *United States v. Veltmann*, 6 F.3d 1483, 1498 (11th Cir. 1993). Extrinsic evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Therefore, to be admissible under Rule 404(b), "(1) the evidence

5

must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof so that the factfinder could find that the defendant committed the extrinsic act; and (3) the evidence must possess probative value that is not substantially outweighed by undue prejudice." *United States v. Perez*, 443 F.3d 772, 779 (11th Cir. 2006).

The probative value of evidence of similar extrinsic acts "depends upon both the uniqueness of the modus operandi and the degree of similarity between the charged crime and the uncharged crime." *United States v. Myers*, 550 F.2d 1036, 1044-45 (5th Cir. 1977).[2] While "it is not necessary that the charged crime and the other crimes be identical in every detail[,] they must possess a common feature or features that make it very likely that the unknown perpetrator of the charged crime and the known perpetrator of the uncharged crime are the same person." *Id.* at 1045.

In weighing the probative value of extrinsic evidence against its prejudicial value under Rule 404(b), district courts may consider, among other things, (1) the degree of similarity or difference between the charged and extrinsic offense, and (2) their temporal remoteness. *United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1225 (11th Cir. 1993). We have held that the risk of undue prejudice is reduced

---

[2]    In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

where the district court issues a limiting instruction to the jury. *United States v. Ramirez*, 426 F.3d 1344, 1353 (11th Cir. 2005).

The district court did not abuse its discretion in admitting the extrinsic evidence of the uncharged firearms purchases. The record shows that uncharged purchases were very similar to the conduct charged in the indictment, and the evidence was therefore sufficiently probative to Horton's intent so as to merit admission. *See Myers*, 550 F.2d at 1044-45. The record also shows that the uncharged purchases were made during the same period of time that the charged conduct transpired. This temporal proximity further weighs in favor of the evidence's admission. *See Diaz-Lizaraza*, 981 F.2d at 1225. Additionally, the district court issued a limiting instruction to the jury, which we have held lessens the danger of undue prejudice. *See Ramirez*, 426 F.3d at 1353. The probative value of the extrinsic evidence was not outweighed by its prejudicial effect, and the district court did not abuse its discretion when it admitted the evidence.

### III.    *Bruton* Claim

We review preserved claims under *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620 (1968), for abuse of discretion. *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007).

The Confrontation Clause of the Sixth Amendment provides a defendant in a criminal trial the right "to be confronted with the witnesses against him" and to

7

cross-examine them.  U.S. Const. amend. VI.  In *Bruton*, the Supreme Court held that, in a joint trial, the Confrontation Clause was violated by the admission of "powerfully incriminating extrajudicial statements" of a non-testifying codefendant, despite a curative instruction given to the jury.  *Bruton*, 391 U.S. at 135-36, 88 S. Ct. at 1628.  In other words, "a defendant's confrontation right is violated when the court admits a codefendant statement that, in light of the Government's whole case, compels a reasonable person to infer the defendant's guilt."  *United States v. Schwartz*, 541 F.3d 1331, 1351 (11th Cir. 2008). However, only those statements by a non-testifying codefendant that directly inculpate the defendant give rise to a constitutional violation.  *United States v. Arias*, 984 F.2d 1139, 1142 (11th Cir. 1993).  "[A]dmission of a codefendant's statement is not error under *Bruton* where the statement was not incriminating on its face, and became so only when linked with evidence introduced later at trial." *Id.* (quotations omitted).

The district court did not abuse its discretion when it refused to grant Horton's motion for a mistrial.  *Bruton* is only violated where a statement is offered of a *non-testifying* codefendant.  *See Bruton*, 391 U.S. at 135-36, 88 S. Ct. at 1628; *Arias*, 984 F.2d at 1142.  The record shows that Horton's codefendant testified at trial and that Horton had the opportunity to cross-examine her. Accordingly, there was no *Bruton* error.

IV.    Sentencing Enhancement

We review for clear error the district court's determination of the defendant's role in the offense. *United States v. Garrison*, 133 F.3d 831, 843 (11th Cir. 1998). We also review the district court's application of the Sentencing Guidelines *de novo*. *United States v. Amedeo*, 370 F.3d 1305, 1312 (11th Cir. 2004). At sentencing, the government had the burden of proving the existence of an aggravating role by a preponderance of the evidence. *United States v. Yates*, 990 F.2d 1179, 1182 (11th Cir. 1993).

When determining whether a role enhancement should apply, the sentencing court may consider all relevant conduct. *United States v. Gupta*, 463 F.3d 1182, 1198 (11th Cir. 2006). In particular, Section 3B1.1(a) of the Sentencing Guidelines subjects a defendant to a four-level enhancement "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). The Guidelines provide that only persons who are criminally responsible for the offense are "participants." U.S.S.G. § 3B1.1, comment. (n.1). "[W]hen determining the number of participants, the defendant is considered to be one of the five [participants]." *United States v. Holland*, 22 F.3d 1040, 1045 (11th Cir. 1994). Further, the application notes provide that "a 'participant' is a person who is

9

criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1, comment. (n.1).

The district court did not clearly err in concluding that the criminal activity at issue involved five or more participants. Horton, as the individual responsible for the criminal activity, constitutes one such participant. *See Holland*, 22 F.3d at 1045. Three witnesses testified at trial that they purchased firearms at Horton's direction and then handed the firearms over to him. Further, the evidence at trial showed that Horton's codefendant purchased firearms in a fashion similar to the way his other accomplices made the straw purchases. While one codefendant was acquitted, the application notes to the Guidelines provide that, to be counted as a participant in a criminal activity, the individual need not have been convicted. *See* U.S.S.G. § 3B1.1, comment. (n.1). Finally, the evidence at trial showed that another individual, identified as "Black," participated in the straw purchases. Accordingly, the district court did not clearly err in finding that there were six participants in the criminal activity, and we therefore affirm the application of the § 3B1.1(a) enhancement.

V.    Reasonableness of the Sentence

We review the application of the Sentencing Guidelines *de novo* and the district court's findings of fact for clear error. *United States v. Ellisor*, 522 F.3d 1255, 1273 n.25 (11th Cir. 2008). We review the reasonableness of a sentence

10

under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

In reviewing the reasonableness of a sentence, we first ensure that the sentence was procedurally reasonable. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. A sentence is procedurally unreasonable if the district court failed to calculate or incorrectly calculated the guideline range, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to explain adequately the chosen sentence. *Id.* The party challenging the sentence has the burden of establishing that the sentence was unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). A

11

sentence is procedurally unreasonable if, *inter alia*, the district court failed to consider the § 3553(a) factors or failed to explain adequately the chosen sentence. *Id.* "[T]he sentencing [court] should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Agbai*, 497 F.3d 1226, 1230 (11th Cir. 2007) (quotations omitted).

Once we determine that the sentence was procedurally sound, we then examine whether the sentence was substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. The party challenging the sentence bears the burden to show the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The weight to be given any particular factor under § 3553(a) is left to the sound discretion of the district court, absent a clear error of judgment. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).

Horton's 205-month total sentence was neither procedurally nor substantively unreasonable. With respect to procedural reasonableness, the district court imposed a sentence in the middle of the applicable guideline range. The court explained that it based Horton's sentence on the high number of firearms involved in the case, the seriousness of the offenses, Horton's attempts to obstruct

the investigation, and his failure to accept responsibility.  The court also stated that it had considered the sentencing factors under 18 U.S.C. § 3553(a).  Horton's sentence was procedurally reasonable.

Furthermore, Horton's sentence was not substantively unreasonable, as the sentencing factors set forth in 18 U.S.C. § 3553(a) supported a within-Guidelines sentence.  The record shows that Horton orchestrated several straw purchases, and that he attempted to cover up his crimes by having the purchasers file false police reports reporting the firearms as having been stolen.  Additionally, Horton had an extensive criminal history, and the district court did not err by stating that the criminal history points from the Guidelines' range understated Horton's criminal history.  The district court properly considered both the nature and circumstances of the offense and Horton's personal history and characteristics under § 3553(a) when it imposed the within-Guidelines sentence.  *See* 18 U.S.C. § 3553(a)(1). Accordingly, Horton's total sentence was substantively reasonable.

## VI.    Conclusion

Upon review of the record and consideration of the parties' briefs, we affirm Horton's convictions and sentence.

AFFIRMED.

13