[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14220

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHARLES HORTON,
a.k.a. Charlie Horton,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 1:11-cr-00427-TWT-AJB-1

————————————

Before ROSENBAUM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Horton is a federal prisoner serving a total 205-month sentence for unlawfully possessing and transporting firearms and making false statements to a firearms dealer. He appeals the denial of his counseled motion to correct an alleged error in his presentence investigation report ("PSR") under Federal Rule of Criminal Procedure 36. He claims that the PSR wrongly attributed his brother's one-year probation-violation sentence to him, which caused an erroneous criminal-history category and guideline range. Because this error is not a "clerical" one that can be corrected under Rule 36, we affirm the district court's denial of Horton's motion.

**I.**

Before his sentencing in 2012, a probation officer prepared Horton's PSR which, among other things, surveyed his criminal history and calculated his criminal-history category for the guideline range. As relevant here, Horton and his brother were convicted of petit larceny in New York in 1995, and Horton was sentenced to three years of probation. According to the PSR, he violated his probation several months later and was sentenced to one year in custody in June 1995. Then, in May 1997, he violated his probation again and was sentenced to six months in custody. The

PSR aggregated the two sentences (18 months) and added three criminal-history points for the 1995 conviction.

Horton objected that he "only received a [violation-of-probation] sentence of six months in this case." When the issue arose at sentencing, the district court attempted to clarify whether the total sentence was "six months plus the year, or . . . just a total of six months." The probation officer advised that the PSR was supported by court records. The government responded that it didn't object "to just counting it as a two point instead of three points," since Horton would still fall within criminal-history category V. And Horton's counsel agreed with the court that Horton would still "get[] two points" for the six-month sentence because it exceeded 60 days. Neither Horton nor his counsel suggested that the one-year sentence belonged to his brother and not to him.

Accordingly, the district court sustained Horton's objection in part and assigned two points in relation to the 1995 conviction. This, among other convictions, led to a criminal-history-point total of 11 and a criminal-history category of V. The district court sentenced Horton to a total of 205 months, within the guideline range of 188 to 235 months. Horton appealed, raising issues not relevant to this appeal, and we affirmed. *United States v. Horton*, 522 F. App'x 456, 458 (11th Cir. 2013).

In 2015, Horton filed a *pro se* 28 U.S.C. § 2255 motion to vacate. In the motion, he raised, for the first time, his contention that the PSR mistakenly attributed his brother's one-year term of

incarceration for violating probation in 1995 to him, incorrectly raising his criminal-history category from IV to V.

The district court denied the motion in 2017, concluding that Horton had not established a claim of ineffective assistance in relation to the asserted error.  Then, in 2021, the court denied Horton's *pro se* Rule 36 motion raising the same issue and seeking re-sentencing under the correct guideline range, as well as a subsequent request to amend the PSR.  And in 2022, this Court denied multiple requests by Horton to file another § 2255 motion raising the same basic argument.

In December 2022, Horton filed a counseled motion under Rule 36 raising the same issue about his criminal history.  And he attached documentation supporting his position that the PSR wrongly attributed his brother's one-year revocation sentence to him.[1]  With that sentence removed, he maintained, his six-month revocation would not have counted for any criminal-history points because of its age.  Horton requested a court order directing the U.S. Probation Office to correct the PSR—deleting the reference to his brother's 1995 revocation and recalculating his criminal-history

---

[1] The documentation appears to include a state court "Certificate of Conviction or Discharge" for Horton's brother, James Horton, which reflects the revocation sentence that was included in Horton's PSR, as well as a letter from a probation supervisor in Erie County, New York, which describes the disposition of both Horton's case and his brother's case in terms consistent with Horton's position in this case.

points and criminal-history category—and to send the amended document to the Bureau of Prisons ("BOP").

The district court, noting that it had previously rejected the same claim, denied the motion because it was "in essence a successive Motion to Vacate Sentence which requires permission from the Court of Appeals." Horton appeals.

## II.

Whether relief is available under Rule 36 is an issue of law that we review *de novo*. *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004). Rule 36 allows a court "at any time [to] correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight of omission." Fed. R. Crim. P. 36.

"Clerical" errors correctible under Rule 36 are "minor and mechanical in nature," not substantive errors of law. *See Portillo*, 363 F.3d at 1164–65. For example, clerical errors may include arithmetic mistakes, *United States v. Edwards*, 728 F.3d 1286, 1297 n.8 (11th Cir. 2013), misstated statute numbers, *United States v. James*, 642 F.3d 1333, 1343 (11th Cir. 2011), or discrepancies between a district court's oral and written judgments, *Portillo*, 363 F.3d at 1164. But Rule 36 may not be used "to make a substantive alteration to a criminal sentence." *Id.*

Here, we cannot say that the district court erred in denying Horton's motion as beyond the scope of Rule 36. Horton's request for recalculation of his guideline range and resentencing is inconsistent both with the underlying facts and our precedent.

For starters, Horton is incorrect that the PSR's alleged factual error regarding his 1995 larceny conviction—wrongly attributing his brother's one-year revocation sentence to him—led to a higher criminal-history category and guideline range. As he repeatedly notes, the record shows that the sentencing court did not adopt or rely on the PSR's factual error. Rather, in response to Horton's objection that he received only a six-month custodial sentence for the 1995 larceny conviction, the government conceded the issue, and the district court sustained Horton's factual objection. Then, applying the guidelines, the court counted the conviction—with Horton's counsel's apparent consent—for two points (based on a six-month sentence), instead of three (based on an 18-month total sentence). Where the court went awry, in Horton's telling, was in failing to "realize[]" the legal significance of its own factual ruling—that is, that the 1995 conviction, as a two-point offense, was too old to count for criminal-history points under U.S.S.G. § 4A1.1. In other words, Horton asserts the court made a legal error, not a factual one.

But the problem is that Horton's arguments cannot reasonably be construed as anything other than substantive challenges to the district court's material factual findings or legal conclusions when calculating his criminal-history category and guideline range. Under our precedent, we cannot say that the relief Horton sought falls into the category of "minor" or "mechanical" changes that Rule 36 authorizes. Rather, Horton sought the kind of "substantive alteration to a criminal sentence" forbidden by our precedent. *Portillo*, 363 F.3d at 1164. Rule 36 is not an appropriate mechanism for

raising such substantive challenges to the calculation of his guideline range.  *See id.*

While Horton contends that Rule 36 permits correction to "match[] the intent and oral findings of the court at the sentencing hearing," he does not identify any such mismatch needing correction.  The fact that a PSR contains a factual statement that the district court declined to adopt does not establish a "clerical" error within the meaning of Rule 36.  *See, e.g.*, *United States v. Ramirez-Gonzalez*, 840 F.3d 240, 247 (5th Cir. 2016) ("The district court sustained some . . . objections and declined to adopt portions of the PSR in the final judgment . . . , but that does not render the unadopted content of the PSR a 'clerical error.'").  And Horton does not suggest that the record otherwise fails to reflect the court's ruling on his objection and so needs to be corrected for that reason. *See, e.g.*, FED. R. CRIM. P. 32(i)(3)(C) (requiring sentencing court to "append a copy of the court's determinations . . . to any copy of the presentence report made available to the [BOP]").

Because sentencing relief Horton sought was substantive and fell outside the limited scope of Rule 36, we must affirm the district court's denial of his Rule 36 motion.

**AFFIRMED.**