[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15961
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00336-JSM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARL DAWSON HUNTER,
a.k.a. Fifty,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 27, 2013)

Before HULL, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Earl Dawson Hunter appeals his 290-month sentence of imprisonment,

which the district court imposed upon his conviction for distributing five or more

grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  The district court

initially sentenced Hunter to 360 months of imprisonment under § 841(b)(1)(B)(iii) in May 2011, but we vacated Hunter's sentence and remanded for resentencing under the Fair Sentencing Act of 2010 ("FSA").  Upon resentencing, the district court calculated a Sentencing Guidelines range of 262 to 327 months of imprisonment.  It then sentenced Hunter, who was now subject to sentencing under § 841(b)(1)(C), to 290 months of imprisonment.  In explaining Hunter's sentence, the district court stated that it considered the Guidelines and the 18 U.S.C. § 3553(a) factors, and found that Hunter's sentence was sufficient, but not greater than necessary to comply with the statutory purposes of sentencing.

On appeal, Hunter argues the district court's explanation of his sentence failed to comply with § 3553(c)(1) inasmuch as his Guidelines range exceeded 24 months, and the district court failed to articulate its reasons for choosing a particular sentence within that range.  He also argues his sentence is substantively unreasonable given his age at the time of his release, the non-violent nature of his offense, and the small amount of cocaine base involved in his offense.  Finally, Hunter argues the district court's amended judgment erroneously cites § 841(b)(1)(B)(iii) as the statute of conviction, and we should remand to the district court in order to correct the amended judgment to reflect his conviction under § 841(b)(1)(C).

## I. § 3553(c)(1)

We review the district court's compliance with § 3553(c)(1) de novo regardless of whether the defendant objected before the district court. *United States v. Bonilla*, 463 F.3d 1176, 1181 & n.3 (11th Cir. 2006). If the district court imposes a sentence within a defendant's Guidelines range that exceeds 24 months, it must state its reasons for imposing a sentence at a particular point within the Guidelines range. 18 U.S.C. § 3553(c)(1). The sentencing court should, when stating its reasons for imposing a particular sentence pursuant to § 3553(c), tailor its comments to demonstrate that the sentence imposed is appropriate in light of the § 3553(a) factors. *Bonilla*, 463 F.3d at 1181-82. Thus, we have concluded that the district court's explanation of its sentence was insufficient where there was no consideration or mention of the § 3553(a) factors. *See id.*; *see also United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006) (vacating and remanding a sentence for compliance with § 3553(c)(1) where the district court failed to provide any reason for the life sentence that it imposed); *United States v. Veteto*, 920 F.2d 823, 824, 826-27 (11th Cir. 1991) (remanding for compliance with § 3553(c)(1) because the trial court explained its sentence with the "truism" that the chosen punishment "seemed right").

Nonetheless, a sentencing court does not have to incant the specific language used in the Guidelines that applies to each reason given, nor must it state that a

particular factor is inapplicable in a given case. *Bonilla*, 463 F.3d at 1182. Nothing requires the district court to articulate its consideration of each individual § 3553(a) factor when explaining a sentence under § 3553(c)(1), especially when it is obvious that the district court considered many of the § 3553(a) factors. *Id*. Thus, we have held that the district court's explanation of a sentence complied with § 3553(c)(1) where the district court stated it was satisfied that the defendant's sentence was consistent with the Guidelines, was in accord with the § 3553(a) factors, adequately reflected the seriousness of the defendant's offense, and was neither greater nor lesser than necessary to achieve the statutory purposes of sentencing. *Id*. at 1181-82. Reviewing the record as a whole, we noted that, in addition to its explanation, the district court gave the parties the opportunity to make arguments on the § 3553(a) factors and heard the defendant's statement of remorse, thereby making it obvious that the district court considered many of the § 3553(a) factors. *See id*.

The court discussed Hunter's criminal record, including multiple drug offenses, dating back to a very young age. Counsel and the court discussed Hunter's drug addiction, his daily use of drugs and alcohol, his failure to complete a drug treatment program while on supervised release and his need for treatment. During resentencing, the district judge stated: "After considering the advisory sentencing guidelines and all of the factors identified in Title 18 of the United

4

States Code, Sections 3553(a)(1) through (7), the Court finds that the sentence imposed is sufficient but not greater than necessary to comply with the statutory purposes of sentencing." (R.9 at 16).

The district court heard arguments from the parties addressing the § 3553(a) factors, and then explained that Hunter's sentence was premised upon its consideration of the § 3553(a) factors. Viewing the record as a whole, the district court's explanation satisfied its responsibilities under § 3553(c)(1).

## II. Substantive Reasonableness

We review the reasonableness of a defendant's sentence under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007), and the party challenging the sentence bears the burden of demonstrating that it is unreasonable, *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing listed in § 3553(a)(2), including the needs to reflect the seriousness of the offense, promote respect for the law, provide just punishment, protect the public, and provide needed educational or vocational training, or medical care. 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the applicable Guidelines range, pertinent policy statements

5

from the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need for restitution.  § 3553(a)(1), (3)-(7).

A district court abuses its discretion when it balances the § 3553(a) factors in such a way that is not reasonable, or places unreasonable weight upon a single factor.  *United States v. Irey*, 612 F.3d 1160, 1189, 1192-94 (11th Cir. 2010) (en banc).  We will only reverse a sentence as substantively unreasonable if, after considering the totality of the facts and circumstances, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors so that the sentence falls outside the range of reasonable sentences dictated by the facts of the case.  *Id*. at 1189-90.  So long as the district court does not commit a clear error of judgment, we will not substitute our own judgment regarding the weight assigned to relevant sentencing factors for that of the district court.  *See United States v. Early*, 686 F.3d 1219, 1223 (11th Cir. 2012).  Sentences that fall within the applicable Guidelines range are ordinarily expected to be reasonable, and the fact that a sentence falls appreciably below the statutory-maximum penalty further tends to indicate substantive reasonableness.  *See United States v. Valnor*, 451 F.3d 744, 751-52 (11th Cir. 2006); *Talley*, 431 F.3d at 788.

6

Hunter has not demonstrated that the district court committed a clear error in judgment when imposing his 290-month sentence of imprisonment, and his sentence is, accordingly, substantively reasonable.

### III. The District Court's Amended Judgment

We may remand with instructions to correct a clerical error in the judgment. *United States v. James*, 642 F.3d 1333, 1343 (11th Cir. 2011). Moreover, it is fundamental error for a court to enter a judgment of conviction against a defendant who has not been charged, tried, or found guilty of the offense cited in the judgment. *Id.*

The district court's amended judgment incorrectly reflects a conviction under § 841(b)(1)(B)(iii). Accordingly, a remand is appropriate for the limited purpose of correcting the amended judgment to reflect a conviction under § 841(b)(1)(C).

### IV. Conclusion

We affirm Hunter's sentence, but remand for the limited purpose of correcting the judgment.

**AFFIRMED IN PART, REMANDED IN PART.**