[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13033
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20954-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL CABRERA PADILLA,
a.k.a. Javier Pidneda,
a.k.a. Victor Antonio Diaz,
a.k.a. Ricardo Antonio Baraona,
a.k.a. Roberto Rodriguez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 1, 2014)

Before TJOFLAT, HILL and FAY, Circuit Judges.

PER CURIAM:

Manuel Cabrera Padilla appeals his 77-month sentence after pleading guilty to one count of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1).  On appeal, Padilla argues that the district court erred by: (i)  imposing a sentence that did not correspond with the offense charged in the indictment or adjudicated at his plea hearing; (ii) applying a 16-point enhancement after erroneously determining a prior conviction for burglary of an unoccupied dwelling was a "crime of violence," and (iii) imposing a sentence that was procedurally and substantively unreasonable.  We shall review each of these claims in turn.

I.

Padilla argues for the first time on appeal that the court constructively amended his indictment and imposed a judgment and sentence for an offense different from the one charged in the indictment and adjudicated at the plea hearing.  He contends that the Fifth Amendment was violated when he was charged and adjudicated under 8 U.S.C. § 1326(b)(1), which prescribed a ten-year maximum for illegal reentry following a non-aggravated felony conviction, but given a final judgment listing 8 U.S.C. § 1326(b)(2), which provides a 20-year maximum for illegal reentry following an aggravated felony conviction.

A district court's unobjected-to constructive amendment of a defendant's indictment is reviewed for plain error.  *United States v. Madden*, 733 F.3d 1314,

2

1316 (11th Cir. 2013).  Under that standard, if the error is plain and affects substantial rights, we have the discretionary authority to provide relief if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993).

A constructive amendment "occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." *United States v. Keller*, 916 F.2d 628, 634 (11th Cir. 1990).  Such an amendment constitutes reversible error because it "violates a defendant's Fifth Amendment right to be tried only on charges presented by a grand jury and creates the possibility that the defendant may have been convicted on grounds that the indictment did not allege." *United States v. Behety*, 32 F.3d 503, 508 (11th Cir. 1994).  However, if the erroneous entry of the judgment results from a clerical error, we may remand for the limited purpose of correcting the error, as long as the correction of the judgment would not prejudice the defendant in any reversible way. *United States v. Diaz*, 190 F.3d 1247, 1252 (11th Cir. 1999)*; see also* Fed.R.Crim.P. 36 ("[T]he court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.").

3

Under 8 U.S.C. § 1326(a), any alien who has been deported and is later found in the United States without permission is subject to imprisonment for up to two years.  8 U.S.C. § 1326(a).  The penalty for that provision increases to a maximum of ten years if the prior deportation was subsequent to a non-aggravated felony conviction.  8 U.S.C. § 1326(b)(1).  The maximum sentence becomes 20 years if the prior deportation occurred after conviction for an aggravated felony.  8 U.S.C. § 1326(b)(2).

Listing 8 U.S.C. § 1326(b)(2) as the applicable penalty provision on the judgment did not alter the elements of  Padilla's offense.    In *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that 8 U.S.C. § 1326(b) is merely a penalty provision, and does not lay out elements of an offense. *Id.* at 231, 118 S. Ct. at 1225.  Because 8 U.S.C. § 1326(b) does not contain elements of an offense, citing the wrong provision did not constitute a constructive amendment.  Padilla's indictment listed 8 U.S.C. § 1326(a), he pled guilty to violating that statute, and the judgment listed the provision as well, meaning he was adjudicated using the same elements as his indictment and plea.  Thus, the discrepancy constituted a clerical error, not a constructive amendment.

Furthermore, even if the error were to be deemed a constructive amendment, it still did not rise to the level of plain error.  The alteration from the indictment to

4

the judgment increased the possible statutory maximum from 10 years to 20 years. Padilla received a sentence well below the original ten-year maximum, so he cannot show the change had any effect on his substantial rights.

In the past, we have remanded cases for the limited purpose of permitting the district court to correct clerical errors. *See, e.g., United States v. Anderton*, 136 F.3d 747, 751 (11th Cir. 1998) (remanding with directions to correct an error where the statute cited in the judgment and commitment order was incorrect); *United States v. James*, 642 F.3d 1333, 1343 (11th Cir. 2011) (remanding to correct a judgment citing incorrect statutory subsection).   That is the appropriate remedy here.

In sum, there was no error, plain or otherwise, requiring us to completely vacate Padilla's custodial sentence, but a remand is warranted for the limited purpose of altering the judgment to reflect the correct penalty provision.

## II.

Padilla contends that the district court erred by applying a 16-point enhancement in its guideline calculations based upon a finding that Padilla had a prior conviction for a crime of violence, pursuant to U.S.S.G. § 2L1.2.  First, he argues that this enhancement exceeded the terms of his indictment and the charge to which he pled guilty.  Second, he argues that his prior Florida conviction for

burglary does not qualify as a crime of violence.  We consider each of these arguments.

First, a prior conviction used to enhance a sentence under a statutory sentencing provision is not an element of the offense, and, thus, need not be alleged in the indictment or found by a jury beyond a reasonable doubt. *See Almendarez-Torres*, 523 U.S. at 226–27, 118 S. Ct. at 1222.  Padilla's argument that the district court's application of a 16-level enhancement was not authorized because it was not supported by his indictment or guilty plea is thus without merit. A prior conviction does not have to be included in the indictment to support a sentencing enhancement.  *Id.*

Second, Padilla did not object to his guideline range calculation in the district court.  Therefore, we review the enhancement only for plain error.  *United States v. Pantle*, 637 F.3d 1172, 1174 (11th Cir. 2011).  For an error to be plain, it must be "obvious and clear under current law."  *United States v. Eckhardt*, 466 F.3d, 938, 948 (11th Cir. 2006).  When the explicit language of a statute or rule does not specifically resolve an issue, plain error cannot exist in absence of precedent from the Supreme Court or this Court directly resolving the issue. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

Although burglary of a dwelling is an enumerated crime of violence under the Guidelines , see U.S.S.G. § 2L1.2, comment. (n. 1(B)(iii)), Padilla is correct

6

that Florida's burglary of a dwelling statute, which defines dwelling to include a conveyance as well as curtilage, may be too broad to be considered generic burglary of a dwelling, as required by *Descamps v. United States*, 570 U.S. __, ___, 133 S. Ct. 2276, 2281, 186 L. Ed. 2d 438 (2013).  We have not, however, had occasion to say so.  Therefore, even if we assume that the district court improperly relied on Padilla's burglary conviction to enhance his offense level, that error is not plain.  As a result, any error enhancing Padilla's offense level based on his prior burglary conviction does not merit relief.

## III.

Appellate courts review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse of discretion standard." *Gall v. United* States, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).  When appropriate, the reasonableness of a sentence will be reviewed through a two-step process.  *United States v. Pugh*, 515 F.3d 1179, 1189-90 (11th Cir. 2008).

The first step is to "ensure that the district court committed no significant procedural error such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing

to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.

Second, a sentence may also be reviewed for substantive reasonableness. *Id*. Substantive reasonableness review seeks to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, pertinent policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

We will vacate a sentence imposed by a district court only when left with a "definite and firm conviction that the district court committed a clear error in judgment." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010)(*en banc*). The reasonableness of a sentence may be indicated where the sentence imposed is

8

well below the statutory maximum sentence.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Procedurally, the record shows that the district court considered the § 3553(a) factors and relied upon unobjected-to facts from the PSI when deciding on a sentence.  In addition, the district court explained its sentence in a fashion that directly addressed Padilla's arguments for a lower sentence.  Because Padilla did not object to the specific offense level enhancement applied to him, and because, as previously stated, any error in Padilla's guideline calculations was not plain, we conclude that his sentence is not procedurally unreasonable.

As to substantive unreasonableness, even if we would have weighed the § 3553(a) factors differently, we cannot vacate a sentence for that reason alone.  *Irey*, 612 F.3d at 1191.  The district court explicitly stated it had considered the § 3553(a) factors.  Considering Padilla's criminal history category of VI and two prior instances of illegal re-entry, the sentence does not amount to a "clear error in judgment," especially since the sentence was well below the statutory maximum.  Given the deference afforded district court decisions under abuse of discretion review, there was no error as to the substantive reasonableness of Padilla's sentence.

IV.

For the foregoing reasons, we affirm Padilla's sentence.  However, we notice that there is a clerical error in the judgment.  Accordingly, we vacate the judgment and remand to the district court for the limited purpose of correcting that error, consistent with this opinion.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.**